UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ULTIMATE RESTORATION LLC (A/A/O GENA BARONE),

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY ("Allstate" or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3]  Defendant files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court.  Defendant respectfully shows as follows:

I.

On or about July 23, 2015, Plaintiff, ULTIMATE RESTORATION LLC (A/A/O GENA BARONE), filed a Complaint in the Circuit Court of the 11th Judicial Circuit Court in and for

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F3d. 1314, 1316 (11th Cir. 2003).

CASE NO.

- 2 -

Miami-Dade County, State of Florida, entitled *"Ultimate Restoration LLC, (A/A/O Gena Barone),"* bearing case number 2015-012422-CC-05. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, Defendant hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Arts. VIII(R) and IX, 28 U.S.C. §§1331, 1337 and 1367.

A.   **REVIEW OF PLAINTIFF'S COMPLAINT**

1. Plaintiff's Complaint names Allstate Insurance Company as a Defendant.

2. Count I of Plaintiff's Complaint alleges "Breach of Contract As Assignee of Gena Barone."

3. At paragraph 5 of Plaintiff's Complaint, Plaintiff alleges an "after-loss assignment of insurance proceeds by Gena Barone".

4. At paragraph 6 of Plaintiff's Complaint, Plaintiff alleges that Defendant issued policy number 08074229873 for the property located at 20175 NE 25th Ave., Miami, FL 33180.

5. At paragraph 7, Plaintiff alleges that policy number 08074229873 was in full force and effect on or about February 28, 2015 when the property was damaged by "a water loss".

6. At paragraph 8, Plaintiff alleges that it is entitled to benefits for the "water loss damages" under policy number 08074229873.

7. At paragraph 9, Plaintiff alleges that Gena Barone retained Plaintiff to perform services and/or repairs to the subject property.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO.

- 3 -

8. At paragraph 10, Plaintiff alleges that it "provided necessary services for BARONE and in exchange, BARONE authorized direct payment and assigned his/her property insurance rights, benefits, and proceeds to the Plaintiff, ULTIMATE, as consideration for the repairs made by the Plaintiff."

9. At paragraph 12 Plaintiff alleges that the amount of $6,294.55 for services rendered at the subject policy is covered under the aforementioned flood insurance policy.

10. In paragraphs 13 and 14, Plaintiff alleges Defendant's alleged failure to make payment resulting in a breach of contract.

11. The remainder of Count I further alleges breach of contract under the subject flood insurance policy.

**B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

12. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA")

13. Defendant, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

14. Defendant cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VIII(D).

15. Further, Defendant has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

16. Defendant's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under the SFIP that it is authorized to issue on behalf of the federal government. Defendant, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

17. All flood claim payments made by a WYO Program carrier, such as Defendant, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Further, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

18. Any judgment that might be rendered in this case against Defendant arising out of how it adjusted a SFIP claim would be paid by the federal government, and not by Defendant. In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury." *See also*, *Newton, supra* and FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

- 4 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

19. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979) wherein the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*Id.* at 881.

## C. FEDERAL JURISDICTION

### (1) 42 U.S.C. §4072 – Original Exclusive Jurisdiction

20. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP. In Shuford, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

21. Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case. *See Shuford, supra; Hairston v. Travelers Casualty & Surety Co.*, 232 F.3d 1348 (11th Cir., 2000); and *Seibels Bruce Ins. Co. v. Deville Condominium Association, Inc.*, 786 So.2d 676 (Fla. App. 1 Dist., 2001).

22. Plaintiff is aware of the requirement of filing in federal court as SFIP Article VIII(R), the policy under which Plaintiff is suing for recovery, clearly states that the insured "must file suit in the United States District Court of the district in which the covered property

- 5 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

- 6 -

was located at the time of the loss." Certainly Defendant is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

23. In this case, Plaintiff alleged that Defendant failed to pay all amounts due under a flood insurance policy, thereby breaching its contract of flood insurance. *See* Complaint, Count I. Thus, Plaintiff has made a claim arising out of how Defendant handled a flood loss claim under the SFIP, thereby making removal proper pursuant to 42 U.S.C. §4072.

(2) **28 U.S.C. §1331 - Federal Question Jurisdiction**

24. Defendant asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Art. IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

25. In order to determine what, if any, U.S. Treasury benefits Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. More particular to Plaintiff's claims, federal law governs coverage under the subject SFIP as well as whether an SFIP may be assigned to Plaintiff. Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Newton*, 245 F.3d at 1309. As

- 6 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

26. Clearly, the payment that Plaintiff seeks from Defendant under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F). Further, assignment of an NFIP flood claim is wholly governed by federal law.

27. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a) and (c), Defendant asserts that there are multiple federal questions presented within the Plaintiff's Complaint, thereby making the action removable pursuant to 28 U.S.C. §1331.

    **(3)   U.S. Treasury Funds Are at Stake**

28. Whether or not Defendant has breached a standard of care in this litigation, Defendant's role as a WYO Program carrier takes place as the fiscal agent of the United States. *See* 42 U.S.C. § 4071(a)(1) and 44 C.F.R. Pt. 62, App. A, Art. III. NFIP claims are funded by the U.S. Treasury. *See, Shuford* 508 F.3d at 1339; *Sanz v. U.S. Security Ins. Co.,* 328 F.3d 1314, 1316 (11th Cir. 2003); *Gallup v. Omaha Prop. & Cas. Ins. Co.,* 434 F.3d 341, 342 (5th Cir. 2005); *Wright v. Allstate,* 415 F.3d 384, 386 (5th Cir. 2005); and *Gowland,* 143 F.3d at 955. FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA." 44 C.F.R. § 62.23(i)(1). FEMA's "Arrangement" with the WYO Program companies (such as Defendant) also makes clear that federal funds are utilized to pay the claims directly, and not through a reimbursement mechanism. See 44 C.F.R. Pt. 62, App. A, Arts. II(E),

- 7 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

III(D)(1), and IV(A). *See also, Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 at FN 10 (9th Cir. 2000), *cert denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

29. Regarding the instant litigation, FEMA's Arrangement with the WYO Program carriers establishes that all of Defendant's defense costs will be paid by the Program if litigation arises. 44 C.F.R. Pt. 62, App. A, Art. III(C)(3), and Art. III(D)(2). *See also* 44 C.F.R. Pt. 62.23(i)(b); and *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001).

30. In addition to the foregoing, the scope of the Arrangement between the United States government and Defendant includes within its scope the "administering" of standard flood insurance policies with federal funds. 44 C.F.R. Pt. 62, App. A, Art. I, (5) and (6). As Defendant has engaged in these activities "…in a fiduciary capacity…" all of Defendant's activities are "…extensively regulated… when selling or administering the Standard Flood Insurance Policy." *Id.* These points are further made clear by Arrangement Articles II(A), (D) and (G). Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigations expenses are born by the U.S. Treasury.

31. Finally, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom v. Liberty Mutual Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012). There is therefore no question that federal funds are at stake in the selling, marketing, and issuance of SFIPs, as well as claims handling.

**D.   FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE**

32. Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like §1442, §1337 is not subject to the well-

- 8 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO.

- 9 -

pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the Plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag- Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-7 (5th Cir. 1988).

33. Under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co.*, 386 F.3d 263 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*Id.* at FN 3.

34. Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See, e.g.*, 42 U.S.C. §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Complaint, and so removal of that Complaint is proper pursuant to 28 U.S.C. §1337.

CASE NO.

E. **THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

35. To the extent that any of the claims of the Plaintiff is not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

36. All of the claims put at issue in the Plaintiff's Complaint arise from the property damage that allegedly sustained as a result of flooding that occurred on October 30, 2011, and from its efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

F. **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

37. Defendant's first knowledge or notice of the suit was on August 19, 2015, when the Complaint was sent via electronic delivery from the office of the Chief Financial Officer of the State of Florida, a copy of which is attached hereto as part of Exhibit A. The 30-day period in which to remove does not commence running until the Defendant is actually served. This

CASE NO.

Notice of Removal is filed on September 8, 2015. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

38. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court. Venue is also proper pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

39. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Defendant to date.

## CONCLUSION

WHEREFORE Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: September 8, 2015.

Respectfully submitted,

_____
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201
*Counsel for Allstate Insurance Company*

CASE NO.

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
J. Michael Pennekamp
Fla. Bar No. 983454

## SERVICE LIST

CASE NO.

John A. Salcedo, Esq.
The Mineo Salcedo Law Firm, P.A.
5400 S. University Dr., Suite 502
Davie, FL 33328
E-Mail: service@mineolaw.com
Telephone: (954) 463-8100
Facsimile: (954) 463-8106
Attorney for ULTIMATE RESTORATION LLC A/A/O GENA BARONE